**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Larry James Tyler,            ) | Civil Action No. 9:16-1068-MGL-BM |
|                ) | |
|        Plaintiff,       ) | |
|                ) | |
| v.                    ) | **REPORT AND** |
|                ) | **RECOMMENDATION** |
| Rosena James, Captain Coe,    ) | |
| Beverly Addison and Wayne Byrd   ) | |
|                ) | |
|       Defendants.     ) | |
| _____ ) | |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff is detained at the Darlington County Detention Center while awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator (SVP) Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. Plaintiff, a frequent filer of litigation in this Court, asserts claims relating to his mail privileges as well as apparently for harassment under 42 U.S.C. § 1983.[1]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on February 10, 2017. As the Plaintiff is proceeding pro se, a Roseboro order was

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).



entered by the Court on February 15, 2017, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond to the motion for summary judgment, his case could be dismissed. Plaintiff thereafter filed a response in opposition on March 20, 2017.

Defendants' motion is now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in his verified Complaint[3] that "from the first day of my arrival Oct. 30, 2015, my mail has been held back, stopped from going out to the U.S. mail, and the mail for me coming in from the U.S. mail will not be given to me by [the Defendant] James who is over the mail department". Plaintiff generally complains that there are "organizations" who are supposed to be sending both him and his mother copies of the same mailings, but that although his mother has received this material, he "never received mine".

Plaintiff alleges that on April 7, 2016 he received an invoice from the New Yorker magazine billing center for twenty-three issues, but that he "never received 23 issues of the New Yorker. They get them and keep them up front for the officers to read". Plaintiff further alleges that he has written letters to several individuals or entities but "got no reply, because [the Defendant] Byrd will not allow any of my mail to come to me". Plaintiff alleges that the Defendant Byrd (the Sheriff)

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



is retaliating against him because Plaintiff won a lawsuit against him back in 2013. Plaintiff alleges that no mail he sends out gets to its destination "except some of my legal mail". Even so, Plaintiff also alleges that he sent two letters to his attorneys but "they never received it", and that when he asked James what had happened, "she said she did not know".

Plaintiff also alleges that the Defendant Addison (a Lieutenant) has twice given him federal mail addressed to him that had been opened. Specifically, Plaintiff alleges Addison gave him an envelope from the Florence U. S. District Court that appeared to have been opened and which (Plaintiff contends) was missing some forms. Plaintiff alleges he can tell the packet had been opened because it was sealed by the "glue strip", instead of by "clear tape" that is usually used to seal mailings from the federal court.

Plaintiff alleges that the Defendant Coe is the Warden of the Detention Center and "is responsible for all this which I have informed him in the kiosk, but he gives me no reply". Plaintiff also complains that Coe "invade[d]" his cell to search for property to try to retrieve the envelope where someone had licked the "glue strip" because Plaintiff had told the Captain that he was going to send the envelope to the "feds" for a "forensic analysis of the saliva to determine who [is] the person that opened the federal mail". Plaintiff alleges that this has resulted in Coe and Addison harassing him "every opportunity they can get", in particular with respect to the kinds of meals he receives.[4] Plaintiff generally alleges that his mother's mail and his mail to his attorneys is allowed to go out, but that in order for him to get his § 1983 complaints to the federal court[5] he has to give

---

[4]Plaintiff has filed a separate lawsuit concerning his diet and meal complaints. See Tyler v. Coe, Civil Action No. 9:16-2711.

[5] Not including what Plaintiff may have filed in State Court, Plaintiff has filed at least twenty-
(continued...)

3



his mail to other inmates to put in their mail. Plaintiff also complains that he has filled out reorder

forms for about fifteen magazines, but that "not one magazine came".

As requested relief, Plaintiff asks that all of the Defendants get "severe" or "deserved"

punishment, and that he also receive monetary damages for "not being released on time because of

not getting timely court decisions by mail". Plaintiff has attached to his Complaint a copy of what

purports to be a letter Plaintiff sent to James complaining about his mail issues. See generally,

Plaintiff's Verified Complaint, with attached Exhibit.

In support of summary judgment in this case, the Defendant Waddell Coe has

submitted an affidavit wherein he attests that he is the Director of the Darlington County Detention

Center, and that he has never interfered or tampered with Plaintiff's incoming or outgoing mail, nor

is he aware of any other employee or official with the Darlington County Sheriff's Office or the

Detention Center having interfered or tampered with Plaintiff's mail. See generally, Coe Affidavit.

The Defendant Rosena James has also submitted an affidavit wherein she attests that she serves as

the Records Supervisor for the Detention Center, and that one of her job duties is to handle outgoing

mail. James attests that with regard to Plaintiff's allegation that his outgoing mail is not being sent

out, that all of Plaintiff's outgoing mail is given to the United States postal service for delivery, and

that she has never interfered with Plaintiff's outgoing mail, nor is she aware of any other employee

at the Detention Center having interfered with Plaintiff's outgoing mail. See generally, James

Affidavit. Finally, the Defendant Beverly Addison has submitted an affidavit wherein she attests that

---

[5](...continued)
three (23) lawsuits with this federal court, eleven (11) just within the last year. Aloe Creme
Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take
judicial notice of the contents of its own records].



she is a Lieutenant at the Detention Center, and that one of her jobs is to handle incoming mail. Addison attests that she has not engaged in any course of conduct intended to injure or harass the Plaintiff, that she has never denied Plaintiff access to the Courts, and that with regard to Plaintiff's allegation that he is not receiving all of his incoming mail, that all of Plaintiff's incoming mail is processed to confirm that it contains no contraband or other prohibited items and then given to the Plaintiff. As for legal mail, Addison further attests that she had never interfered or tampered with Plaintiff's incoming legal mail, nor is she aware of any other employee at the Detention Center having done so. See generally, Addison Affidavit.

In opposition to the Defendants' motion, Plaintiff has submitted a "Declaration" in which he asserts that the Defendants are not entitled to summary judgment "because there are genuine issues of material fact to be resolved". Plaintiff further states that "ever since [his] arrival at the Darlington Detention Center on Oct. 30, 2015" he has "not been able to access the state court by mail", and that he is only able to get his federal complaints filed "by sending my mail to the federal court in another envelope addressed to a friend", but that even then he is thereafter "impeded and frustrated due to not receiving or getting my mail to the Court by the Defendants' interference".

Plaintiff states in this "Declaration" that he "found eight letters sent to me from the federal courts in Charleston, Columbia, and Florence listed on the Defendants' incoming mail log that was never delivered to me".[6] Plaintiff also complains that two lawsuits he had filed[7] were dismissed for Plaintiff having failed to file any objections to Reports and Recommendations entered

---

[6]Plaintiff has failed to provide as an exhibit either the mail log referenced hereinabove or a listing of these eight letters that were allegedly never delivered to him.

[7]Identified as Tyler v. Coe, Civil Action No. 9:16-122, and Tyler v. Byrd, Civil Action No. 4:16-400.



in those cases "because of not receiving orders from the Court" on those cases.[8]  Plaintiff further

asserts in his "Declaration" that the Detention Center's incoming mail log shows a letter to him

received from the post office on December 15, 2105, but that he "never received it".[9]  Plaintiff also

states that he sent correspondence to [then] Governor Nikki Haley, the United States Secret Service,

President Obama, Human Rights Watch, the ACLU of Maryland, Attorney Akim Anastopoulo, the

---

[8]The Docket for case No. 9:16-122 reflects that Plaintiff filed his <u>pro se</u> Complaint on January 13, 2016, and that a proper form order was entered on February 24, 2016 advising Plaintiff that his case was not in proper form and giving him a deadline of March 21, 2016 to bring his case into proper form or risk dismissal.  Plaintiff never responded to the proper form order, and a Report and Recommendation was then entered on March 29, 2016 recommending that the case be dismissed for failure to prosecute.  Plaintiff failed to respond to that Report and Recommendation, following which an order adopting the Report and Recommendation and dismissing Plaintiff's case was filed on April 19, 2016.  Plaintiff thereafter filed a notice of appeal on May 9, 2016 as well as a motion to amend/correct his Complaint on May 17, 2016.  Plaintiff's motion to amend/correct was thereafter dismissed without prejudice by the District Court on May 27, 2016, and his appeal was dismissed by the Fourth Circuit Court of Appeals by Order filed November 29, 2016.

With respect to case No. 4:-16-400, the docket reflects that Plaintiff filed his <u>pro se</u> Complaint on February 8, 2016, that a proper form was entered on April 6, 2016, that Plaintiff thereafter submitted the requested proper form documents on April 29, 2016, and that an Order authorizing service of process on the Defendant Byrd was then filed together with a Report and Recommendation that the remaining Defendants all be dismissed without prejudice and without issuance of process.  Plaintiff did not respond to that Report and Recommendation, and an Order was entered by the Court on August 16, 2016 adopting the Report and Recommendation and dismissing the remaining Defendants.  The Defendant Byrd then filed an answer on September 7, 2016. Following expiration of the discovery period, the Defendant filed a motion for summary judgment on December 7, 2016, following which a <u>Roseboro</u> order was entered by the Court on December 8, 2016.  Plaintiff filed a motion to consolidate cases on January 1, 2017, which was denied by Order filed January 18, 2017.  Plaintiff then filed a letter with the Court that was treated as a motion for appointment of counsel and to reopen the discovery period, which was denied by Order filed January 27, 2017.  Plaintiff thereafter filed a response in opposition to the motion for summary judgment on February 13, 2017, and Report and Recommendation recommending dismissal was entered on February 14, 2017.  Plaintiff did not file a response to the Report and Recommendation, and an Order was entered adopting the Report and Recommendation and dismissing the case on March 3, 2017.  Plaintiff thereafter filed a notice of appeal on March 13, 2017, which is still pending.

[9]Plaintiff has failed to provide as an exhibit the mail log that purportedly contains this entry.



Prison Rights Research Project, and the State Newspaper "seeking help to get my wrongful criminal conviction overturned", but that although his mother received responses to all of these requests, he [Plaintiff] never received a letter at the jail.

Plaintiff also states in his "Declaration" that he "sent two suits against Defendant Wayne Byrd to the Court of Common Pleas in the Darlington Courthouse and have never received a reply". Plaintiff states that the Detention Center's outgoing mail log shows four letters from him going out to the Clerk of Court,[10] but complains that even though he has written the Clerk of Court twice to inquire what happened to his lawsuits, he has still received no reply. Plaintiff further states that he sent out two "legal letters" to his PCR attorney with important information to help him "win at the Appeals Court", that the Defendants' outgoing mail log shows the dates on which these letters were sent, but that his PCR attorney never received these letters.[11] Plaintiff states that he "lost my . . . PCR trial due to that lost mail".

Plaintiff also states in his "Declaration" that he sent a request to SLED[12] in Columbia seeking an investigation of the Defendant Byrd, but received "not one letter of reply". Plaintiff states that he also wrote the "District Attorney of SC in Washington DC" seeking an investigation of Byrd, but again received "no reply". Plaintiff states that he wrote a friend in Massachusetts as well as his first cousin in New York about searching the internet to find an attorney to represent him, but that

---

[10]Again, Plaintiff has not provided a copy of any mail log as an exhibit to his response to summary judgment.

[11]However, Plaintiff has not only failed to provide a copy of this outgoing mail log or any other evidence to support this assertion, but he has also failed to provide any affidavit or deposition testimony from his PCR attorney confirming this assertion.

[12]South Carolina Law Enforcement Division.



he received no replies to this correspondence even though he "knows" both of these individuals would have written back and responded if they had received his correspondence.[13] Plaintiff further states in his "Declaration" that he wrote the Mayor of Darlington complaining about the Defendant Byrd, but again received "no reply".

Finally, even though Plaintiff has previously stated in his "Declaration" that the jail's mail logs confirm his accusations (although Plaintiff has failed to provide any copies of these mail logs as exhibits), in Paragraph 22 of his "Declaration" Plaintiff complains that there is no way the mail logging system at the jail can confirm his claims because the mail logs only reflect what the Defendant James puts on them. Plaintiff complains that James "can leave a legal mail off and there is no proof I ever gave my legal mail to the Defendants". Plaintiff then provides a list of people or entities that he wants the Court to contact to confirm his claims, repeats his claim about the mailings he received from the Federal Court and about how he believes those envelopes were opened and tampered with, and states that he wants to have those envelopes "analyzed to determine whose saliva was put on these envelopes". Plaintiff also questions what happened to all the magazines he subscribed to. See generally, Plaintiff's "Declaration".

Plaintiff has attached to his Declaration (in addition to a Brief opposing summary judgment) a copy of what purports to be a letter to Governor Haley dated May 11, 2016, along with a "Statement of Disputed Facts".

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers

---

[13]Plaintiff has presented no affidavits, exhibits, or any other evidence from either of these two individuals to support this claim, or to even show whether or not either individual ever received any correspondence from him.



to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments of the parties, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment.

Assuming for purposes of summary judgment that Plaintiff at this point would be entitled to the status of a civilly committed inmate (as opposed to a convicted prisoner), his custody status as such would most closely resemble that of a pretrial detainee. Lingle v . Kibby, 526 Fed.Appx. 665, 667 (7th Cir. Apr. 15, 2013) [Civilly committed persons are treated as pretrial detainees]; Valbert v. South Carolina Dep't. of Mental Health, No. 12-1973, 2013 WL 4500455 at * 9 (D.S.C. Aug. 20, 2013) [same]; Treece v. McGill, No. 08-3909, 2010 WL 3781695 at * 4 (D.S.C. Sept. 21, 2010)["A civilly committed individual under the SVPA most closely resembles the custody



status of a pre-trial detainee."] (quoting LaSure v. Doby, No. 06-1527, 2007 WL 1377694 at * 5 (D.S.C. May 8, 2007)); Tillman v. Dixon, No. 10-5032, 2011 WL 5119187 at * 9 (W.D.Wash. Aug. 12, 2011)[The rights of those civilly committed are analyzed using same standards that apply to pretrial detainees], adopted by, 2011 WL 5118750 (W.D.Wash. Oct. 27, 2011); Youngberg v. Romeo, 457 U.S. 307, 324 (1982). Therefore, Plaintiff's mail and/or harassment claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); see also Seling v. Young, 531 U.S. 250, 265 (2001) ["[D]ue process requires that the conditions and duration of confinement under the [Sexually Violent Predator] Act bear some reasonable relation to the purpose for which persons are committed"]; but see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) [Holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections]. Cf. Larch v. Gintoli, 04-1962, 2006 WL 895019, at ** 3-4 (D.S.C. Mar. 31, 2006); Allen v. King, Nos. 06-1801, 07-850, 08-1339, 09-2153, 2016 WL 4386186 at * 6 (E.D.Ca. Aug. 16, 2016).

Considered under the standards for a pre-trial detainee, and certainly as a SVP detainee, Plaintiff retains his first amendment right to send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Witherow v. Paff, 52 F.3d 264, 265 (7th Cir. 1995)[Prisoners enjoy a First Amendment right to send and receive mail]; Bennett v. Turner, Nos. 15-4244, 15-4197, 2015 WL 9165926 at * 5 (N.D.Iowa Dec. 16, 2015) ["It is obvious that civil detainees also retain their First Amendment Rights". ]. Although restrictions on the receipt of magazines and other publications by detainees are routinely upheld when the policies at issue are reasonably related to legitimate penological interests, that does not appear to even be an issue in the case at bar. To the contrary, other than Plaintiff's incoming mail being processed to confirm that it contains no



contraband or other prohibited items, the Defendants attest that Plaintiff's incoming mail is being

given to him, while his outgoing mail is being given to the United States Postal service for delivery.

Therefore, to proceed with this case and avoid summary judgment, Plaintiff must provide some

evidence to the Court sufficient to give rise to a genuine issue of fact that the Defendants are violating

his constitutional rights by improperly interfering with his mail.  Baber, 977 F.2d at 874-875 [To

avoid summary judgment, the Plaintiff must have evidence showing there is a genuine issue for trial].

Plaintiff has failed to present any such evidence.[14]  See Patten v. Nichols, 274 F.3d 845-846 (4th Cir.

2001) [Granting summary judgment in SVP detainee case where the evidence was insufficient to give

rise to a genuine issue of fact that the defendants "so substantially departed from professional

standards that their decisions can only be described as arbitrary and unprofessional."].

For example, Plaintiff states in his Complaint that he "got no reply" to letters he had

written to several individuals or entities because the Defendant Byrd "will not allow any of my mail

to come to me", but provides no evidence to support this general and conclusory statement.  House

v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations

insufficient to maintain claim].  Plaintiff further claims that the only way he can mail his civil rights

complaints for filing with the federal courts is by sending them out through third parties, but a review

---

[14] As has previously been noted, supra, although Plaintiff makes numerous allegations that he has evidence (such as invoices [no details set forth] from magazine billings and the jail mail logs) to support his claims, he has failed to provide these documents to the Court, even though he apparently received much of this material during discovery.  See Court Docket No. 34-2.  In other instances, he asks the Court to contact individuals to obtain evidence to support his claims.  These types of allegations and requests are not "evidence" to allow Plaintiff's case to proceed.  Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003) [The "party opposing summary judgment must direct [the Court's] attention to specific triable facts"].



of the dockets of Plaintiff's recently filed cases fails to reveal any evidence to support this assertion,[15]

nor has Plaintiff presented any evidence (for example, by way of affidavits or deposition testimony)

from other inmates to support this assertion, or to show that even if Plaintiff *is* sending mail out

through other inmates, that it is necessary for him to do so in order to file civil actions in this Court.

As previously noted, not including what Plaintiff may have also filed in state court, Plaintiff has filed

at least twenty-three lawsuits with this Federal Court, eleven just within the last year. Aloe Creme

Laboratories, Inc., 425 F.2d at 1296 [a federal court may take judicial notice of the contents of its

own records].

Further, even though Plaintiff asserts in his Complaint and "Declaration" that the

claims he makes are supported by the jail's mail logs, he has failed to submit any jail mail logs as

exhibits to support this claim, nor has he presented any testamentary or documentary evidence from

any of the numerous third parties he mentions in his Complaint and "Declaration", to include his own

attorney, to support his general and conclusory allegations that these individuals or entities did not

receive items Plaintiff mailed to them or that they had mailed items to the Plaintiff that he then never

received. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro

se litigants are held to less stringent pleading standards than attorneys the court is not required to

'accept as true legal conclusions or unwarranted factual inferences.'"]; cf. Malik v. Sligh, No. 11-

1064, 2012 WL 3834850, at * 5 (D.S.C. September 4, 2012), aff'd. 507 Fed. Appx. 294 (4th Cir.

2013) [Finding that a self serving affidavit from the Plaintiff was "simply not enough to create a

---

[15]Indeed, to the contrary, Plaintiff's recently filed cases (17-cv-501-MGL-BM, 17-cv-404-MGL-BM and 17-cv-308-MGL-BM) all show his name and address with a notation stamp indicating that they had all been mailed from the Darlington County Detention Center and that the Detention Center had neither censored nor inspected the item.



genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of Plaintiff's self serving claims]; see also Carmen v. San Fran. United Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001) [The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment"] (quotation omitted).

In sum, Plaintiff's complaints regarding his mail consist of unsubstantiated claims and assertions that the Defendants are improperly tampering or interfering with his mail, unsupported by any actual *evidence* that what Plaintiff claims has actually occurred. Certainly, none of the exhibits Plaintiff has submitted (copies of letters Plaintiff purportedly sent to James and to Governor Haley) constitutes "evidence" to support this claim. Plaintiff's case cannot be allowed to proceed solely on the basis of his own self serving claim that the Defendants have violated his constitutional rights by interfering with his mail when he has failed to present any actual evidence to show that any such violations ever occurred.[16] House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Drakeford v. Thompson, No. 09-2239, 2010 WL 4884897, at * 3 (D.S.C.

---

[16]In this respect, the standard for judging Plaintiff's claims is different for purposes of the Defendants' Rule 56 motion for summary judgment from the standard of a Rule 12 motion to dismiss. Pursuant to Rule 12, a Plaintiff's claim may proceed solely on the basis of allegations made in a complaint as long as those claims, if found to be true, could entitle the Plaintiff to relief. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]. On a Rule 56 motion for summary judgment, however, the Plaintiff cannot just rely on conclusory allegations in his pleading, but must present actual evidence to support his claims in order avoid dismissal of his case. Baber, 977 F.2d at 874-875 [In order to survive a Rule 56 motion for summary judgment, the party opposing the motion must respond with evidence showing there is a genuine issue for trial].



November 24, 2010), citing <u>Larken v. Perkins</u>, 22 Fed. Appx. 114, 115 (4th Cir. 2001)[Noting that non-movant's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation, . . . [is] insufficient to stave off summary judgment"]; <u>Southern California Gas Co.</u>, 336 F.3d at 889 [The "party opposing summary judgment must direct [the Court's] attention to specific triable facts"].

Even to the extent Plaintiff's claim can be construed as alleging that he was denied access to the Courts, Plaintiff must have evidence sufficient to establish a genuine issue of fact that he was both denied access to the courts and suffered some actual injury or specific harm as a result. <u>Lewis v. Casey</u>, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]. Here, as noted, Plaintiff has offered only his conclusory claim (without any supporting evidence) that the Defendants denied him access to the courts by tampering with or interfering with his mail. Further, with respect to Plaintiff's statement in his "Declaration" that his PCR attorney never received letters Plaintiff sent to him that in turn caused Plaintiff to lose his "PCR trial due to that lost mail", in addition to providing no evidence whatsoever (such as copies of these purported letters, an affidavit from his PCR attorney that he never received any such letters, etc.) to show that this occurrence ever actually happened, Plaintiff has also failed to identify what PCR case he is referring to or present any evidence to show that he not only lost any such PCR case, but that the r*eason* he lost that PCR case was because of his PCR attorney never receiving some letters mailed to him by the Plaintiff.[17] <u>Magee v.</u>

---

[17]Likewise, with regard to Plaintiff's other cases in which he claims he sent responses which were not received by the District Court, he has not provided any evidence to show that he would have prevailed in those cases if this evidence had been submitted to the courts in those cases. <u>Lewis</u>, 518 U.S. at 349-353 [Inmate alleging denial of access to the courts must be able to demonstrate (continued...)



Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)["[A] prisoner must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."]. Further, it is worth noting that Plaintiff, a frequent filer of litigation in this Court, has, and continues, to submit regular court filings in his numerous pending cases, all of which belies his assertion that he is being denied access to the Courts.

Finally, as is the case with Plaintiff's mail claims, Plaintiff has provided no evidence to support his general and conclusory allegation that the Defendant Byrd (or anyone else) interfered or tampered with his mail in an effort to retaliate against him for having filed previous lawsuits and/or generally to harass him for trying to pursue his claims. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) [speculative and conclusory allegations cannot support retaliation claim]; LaCroix v. Williams, No. 97-0790, 2000 WL 1375737 at *4 (W.D.N.Y. Sept. 21, 2000) ["Plaintiff's conclusory allegations aside, there is simply nothing in the record to support his version of the facts and plaintiff's claim for retaliation fails"]; Wright v. Vitall, No. 91-7539, 1991 WL 127597 at **1 (4th Cir. July 16, 1991) [Retaliation claim based on mere conclusory statements cannot withstand defendants' summary judgment motion]. This claim is therefore also without merit.

_____

[17](...continued)
"actual injury" caused by the policy or procedure at issue].

15



## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

April 10, 2017
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

