

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LARRY JAMES TYLER, | § |
| Plaintiff, | § § § |
| vs. | § Civil Action No. 9:16-1068-MGL-BM |
| ROSENA JAMES, CAPTAIN COE, BEVERLY ADDISON, and WAYNE BYRD, | § § § |
| Defendants. | § § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE CASE WITH PREJUDICE

This action arises under 42 U.S.C. § 1983. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted and this case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 10, 2017. ECF No. 42. On April 28, 2017, the Court entered an Order adopting the Report, granting Defendants' motion for summary judgment, and dismissing the case with prejudice based on Plaintiff's failure to set forth any specific objections to the Report. ECF No. 44. The Clerk of Court entered a corresponding judgment that same day. ECF No. 45.

The Clerk of Court subsequently filed Plaintiff's objections to the Report on May 1, 2017 (Plaintiff's Memorandum). ECF No. 47. Accordingly, the Court will vacate its April 28, 2017, Order and the corresponding judgment of the same date and reevaluate the Report in light of Plaintiff's objections.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Construed liberally and in the light most favorable to Plaintiff, Plaintiff's Memorandum sets forth only one specific objection to the Report. Plaintiff appears to object to the Magistrate Judge's suggestion Plaintiff has failed to provide any evidence sufficient to give rise to a genuine issue of fact regarding his claims. *See* ECF No. 47 at 2-3. Plaintiffs states he is unable to send a copy of his mail logs because then he would lack evidence to present at trial. *Id.* He further claims there are too many pages for him to send to the Court "as an indigent plaintiff." *Id.* at 3. Plaintiff asserts he has stated in his declaration he has documents to show he never received legal mail from the Court that is listed in Defendants' mail logs, and he argues such statements in his declaration should be accepted as demonstrating the existence of a genuine issue of fact, not conclusory statements. *Id.*

The Court agrees with the Magistrate Judge's determination Plaintiff has failed to provide evidence sufficient to show the existence of a genuine issue of fact for purposes of defeating Defendants' motion for summary judgment. *See* ECF No. 47 at 11-15. As the Magistrate Judge explained, Plaintiff asserts in his complaint and declaration he has documents to support his claims, but he has failed to submit any such documents as evidence. *See id.* The allegations in Plaintiffs' complaint and declaration are conclusory and unsubstantiated, see ECF Nos. 1, 40-1, and they fall short of showing the existence of a genuine issue of fact sufficient to defeat Defendants' motion for summary judgment. Plaintiffs' excuses for failing to provide the documents he claims to have to support his claims are unavailing. Accordingly, the Court overrules Plaintiff's objection.

The remainder of Plaintiff's Memorandum constitutes a recitation of Plaintiff's allegations against Defendants, an outline of the procedural history of the case, and an accusation the Court is biased towards Defendants. Plaintiff also questions why the Court is unwilling to

contact any of the entities Plaintiff claims can confirm they sent mail to him. Plaintiff presents nothing in the remainder of his Memorandum to convince the Court the Magistrate Judge erred in recommending Defendants' motion for summary judgment be granted and the case be dismissed. Any meaningful counter to the well-reasoned conclusions in the Report is absent. In an overabundance of caution, however, the Court has made a de novo review of the entire record. After having done so, the Court remains convinced granting Defendants' motion for summary judgment and dismissing the case is proper.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to vacate the Court's April 28, 2017, Order, ECF No. 44, as well as the corresponding judgment, ECF No. 45.

**IT IS SO ORDERED.**

Signed this 1st day of May 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.